**RAILWAY LABOR EXECUTIVES'
ASSOCIATION, Petitioner,**

v.

**UNITED STATES of America and the
Interstate Commerce Commission,
Respondents,**

**The Durango & Silverton Narrow Gauge
Railroad Company, Intervenor.**

No. 81–1355.

United States Court of Appeals,
Tenth Circuit.

Jan. 11, 1983.

John O'B. Clarke, Jr. of Highsaw & Mahoney, P.C., Washington, D.C. (William J. Donlon, Jr., Thornton, Colo., with him on the brief), for petitioner.

Evelyn G. Kitay, Atty., Interstate Commerce Commission, Washington, D.C. (Richard A. Allen, Gen. Counsel, Henri F. Rush, Associate Gen. Counsel, Interstate Commerce Commission, William F. Baxter, Asst. Atty. Gen., John J. Powers, III and James H. Laskey, Attys., Dept. of Justice, Washington, D.C., with her on the brief), for respondents.

Edward T. Lyons, Jr. of Jones, Meiklejohn, Kehl & Lyons, Denver, Colo., for intervenor.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

PER CURIAM.

The Durango & Silverton Narrow Gauge Railroad Company, a newly formed corporation with no employees and not yet engaged in the railroad business (a "non-carrier"), entered into an agreement to buy the Silverton Branch from the D & RG Railroad. This purchase and sale was of the assets only—the tangibles—and was approved by the Interstate Commerce Commission in Finance Docket No. 29096, 363 I.C.C. 292 (1979) (the Acquisition Case), in proceedings under 49 U.S.C. § 10901. This authorization became final and the sale was consummated. In this authorization the Commission imposed certain labor protective conditions but not under § 10903. The D & RG Railroad had made no application to abandon.

In the case now before us a review is sought of a subsequent proceeding before the Commission in Finance Docket No. 29389 wherein the Railway Labor Executives' Association asserted that the Durango & Silverton, the purchaser, was violating the labor protective conditions imposed in the closed Acquisition Case. The Commission dismissed the complaint holding that under the order entered in the Acquisition Case the required labor protection conditions had been included and the obligations thereunder had been imposed on the D & RG alone and properly so. The Commission concluded that the provisions of 49 U.S.C. § 10903 did not apply to the transaction. Durango & Silverton thus had no obligation to negotiate with the Railway Labor Executives' Association concerning its work force.

The substance of the Commission's holding was that the protective provisions were directed to matters of compensation of the D & RG employees, and did not relate to their employment with the purchaser. This was consistent with the Commission's policy theretofore applied in such cases.

In substance this review concerns the interpretation by the Commission of its previous order entered in the Acquisition Case and the application of its long-standing policy to these circumstances.

In 1976 the statute as it related to pure abandonments and protective conditions was changed to insert a clause that such provisions were there mandatory. The change also separated abandonments from the certification of new carriers. The certification provisions were unchanged as to substance and in contrast no mandatory protective provisions were inserted. The Supreme Court had held that under the old combined section labor protective provisions were discretionary. *I.C.C. v. Railway Labor Executives' Association,* 315 U.S. 373, 62 S.Ct. 717, 86 L.Ed. 904. Thus it must be concluded that Congress intended the selective change.

The petitioner argues that abandonment provisions must be also applied. The decisions, however, hold without exception that the Commission in an acquisition case such as this need not take the position that there has been an abandonment. *See People of State of Illinois v. United States,* 604 F.2d 519 (7th Cir.), which affirmed the decision of the Commission in Prairie Trunk Railway—Acquisition and Operation, 348 I.C.C. 832. There a newly formed corporation sought to acquire and operate a branch line of a carrier. In Cadillac & Lake City Ry. Co.—Acquisition and Operation, 320 I.C.C. 617, the Commission ordered that the abandonment segment of the acquisition application be dismissed.

The Seventh Circuit in the Milwaukee reorganization proceedings, *In the Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 658 F.2d 1149 (7th Cir.), held in substance that the determination there made by the Commission was consistent with the prevailing law and practice. The basic portion of that decision, although the case arose in the reorganization context, is fully applicable here as to the abandonment-acquisition issue and to the allocation of the performance protective conditions or requirements. The Seventh Circuit in *Milwaukee* said in part:

"Section 10901 applies to the new acquisitions by non-carriers *regardless* of whether or not a corresponding line abandonment application has been filed by the existing operating carrier or has been denied. *People ex rel. Illinois v. United States, supra,* 604 F.2d at 524. This is so, because this Section and its predecessor are essentially directed at the transportation-oriented activities of a *single* rail carrier or non-carrier applicant, whereas the focus in Section 11343 proceedings is upon the potential effect of multi-carrier transactions. *Id.,* 604 F.2d at 525–26. *See Okmulgee Northern Railroad Co.— Abandonment,* 320 I.C.C. 637, 639–40 (1964).

"Therefore, under prior law, when a non-carrier acquires a line of another carrier—either subsequent to an abandonment or otherwise, the transaction is completed under 49 U.S.C. § 10901. Under this section, responsibility for labor protective benefit payments rests, if at all, with the vendor/abandoning carrier and is *not* imposed in the absence of circumstances not present here, upon the acquiring non-carrier." (Emphasis in original.)

We agree with the position taken by the Seventh Circuit on this issue. We also agree with the disposition made by the Commission and thus affirm its decision and order.